ATTORNEY FOR APPELLANT
Ann M. Sutton
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Jessica A. Meek
Deputy Attorney General
Indianapolis, Indiana

### In the
### Indiana Supreme Court

FILED
Jun 26 2008, 2:09 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S02-0806-CR-362

KEITH NEFF,

*Appellant (Petitioner below)*,

v.

STATE OF INDIANA,

*Appellee (Respondent below)*.

Appeal from the Marion County Superior Court, Criminal Div. 20, No. 49G20-0202-FA-054636
The Honorable William E. Young, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-0608-CR-647

**June 26, 2008**

**Sullivan, Justice.**

Our opinion in Robinson v. State discussed the procedures available to a prisoner for correcting a sentence erroneous on the face of the judgment of conviction. 805 N.E.2d 783 (Ind. 2004). This opinion sets forth the proper handling of three collateral issues that have arisen in the context of Keith Neff's effort to correct what he alleged was an incorrect calculation of "credit time" to which he was entitled: (1) the absence of a judgment of conviction; (2) the

proper calculation of "earliest release date"; and (3) the necessity of invoking the offender grievance process before seeking judicial review.

## Background

Keith Neff received a 20-year sentence after he pled guilty to one count of Class A felony dealing in methamphetamine. The sentence was to run concurrently to those from two other convictions. At sentencing, the parties agreed that Neff had 856 actual days of credit for time served, and that he was entitled to another 856 days for good time credit – a total of 1,712 days.

Two years later, Neff filed a pro se motion to correct erroneous sentence, in which he claimed he had only been given 856 days of credit toward his sentence, instead of 1,712. Neff based his motion on the abstract of judgment from his conviction, which listed 856 days of credit, but which made no mention of good time credit. The trial court denied the motion; counsel was appointed for Neff on appeal. The Court of Appeals rejected Neff's claim on grounds that it challenged only an abstract of judgment, rather than an actual judgment of conviction. Neff v. State, No. 49A02-0608-CR-647, slip op. (Ind. Ct. App. Nov. 8, 2007). The Court of Appeals reached this result based on language in our opinion in Robinson to the effect that a claim seeking to correct an erroneous sentence must be based on a judgment of conviction. Id. at 3 (citing Robinson, 805 N.E.2d at 794).

Neff sought transfer, which we now grant. Ind. Appellate Rule 58.

## Discussion

Every Indiana prisoner is placed into a "class" for the purpose of earning credit time. Inmates in Class I earn one day of credit time for every day imprisoned, inmates in Class II earn one day of credit time for every two days imprisoned, and inmates in Class III earn no credit time. Ind. Code § 35-50-6-3 (2004). Every inmate is initially assigned to Class I, and may only

2

be reassigned if certain rule violations occur and after a hearing. Id. § 4(a), (b). Credit time may also be earned by meeting certain educational milestones. Id. § 3.3 (Supp. 2007).

Trial courts in Indiana are required by statute to "certify, under the seal of the court, copies of the judgment of conviction and sentence to the receiving authority." I.C. § 35-38-3-2(a). This sentencing order, among other information, must include "the amount of credit, including credit time earned, for time spent in confinement before sentencing." Id. § 2(b)(4).

An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to I.C. § 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

We have held that such a motion may only be filed to address a sentence that is "erroneous on its face." Robinson, 805 N.E.2d at 786 (citation omitted). Other sentencing errors must be addressed via direct appeal or post-conviction relief. Id. An allegation by an inmate that the trial court has not included credit time earned in its sentencing is the type of claim appropriately advanced by a motion to correct sentence. Id. at 788. In Robinson, we adopted a presumption that "[s]entencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days." Id. at 792.

We also emphasized in Robinson that a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction, and not from an abstract of judgment. Id. at 793-94. We reached this conclusion based on the language of the statutes governing credit time and motions to correct sentence.

3

In filing this case, Neff claimed that the Department of Correction (DOC) had failed to credit him with credit time earned toward his sentence. Neff faced a practical difficulty in making his claim: <u>Robinson</u> requires the sentencing error to appear on a judgment of conviction, but Marion County, where Neff was sentenced, does not make it a practice to issue a formal judgment of conviction in addition to an abstract of judgment.

We would prefer that all trial courts issue judgments of conviction in compliance with I.C. § 35-38-3-2. However, we recognize that this has not historically occurred in Marion County, which has a very high volume of criminal cases. Therefore, when a defendant files a motion to correct an erroneous sentence in a county that does not issue judgments of conviction (we are currently aware only of Marion County), the trial court's abstract of judgment will serve as an appropriate substitute for purposes of making the claim. We have asked the Indiana Judicial Conference and our Records Management Committee to study this matter and report to us as to whether they believe that any further action is required on our part.

Given that, in Marion County, it is now appropriate to refer to the abstract of judgment in the absence of a judgment of conviction, we now turn to the specifics of Neff's situation. Neff has conceded that the DOC calculation of his sentence was actually correct in his Reply to Response to Petition to Transfer. Though there is no longer a dispute about the amount of time Neff has remaining in DOC custody, we discuss the facts of his case as they illustrate the proper method of calculating a prisoner's "earliest release date."

When an offender is sentenced and receives credit for time served, earned credit time, or both, that time is applied to the new sentence <u>immediately</u>, before application of prospective earned credit time, in order to determine the defendant's earliest release date. For example, in Neff's case, a <u>correct</u> calculation of his earliest release date happens in this order:

<u>Correct Calculation</u>

| | |
|---|---|
| 20-year sentence | 7,300 days |
| Time already served at sentencing | -856 days |
| Earned Class I credit at sentencing | <u>-856 days</u> |
| Time left to serve | 5,588 days |
| | |
| Time to serve with Class I credit (half of time left) | 2,794 days |

This calculation gave Neff an earliest release date of March 1, 2012. Because Neff had not received all possible Class I earned credit time due to disciplinary actions against him, Neff's earliest release date according to the DOC as of February 14, 2008, was March 5, 2012.

Neff's misunderstanding of how much credit time had been applied to his sentence arose in an understandable way. Rather than apply his time served and credit time earned to his 20-year sentence from the first, Neff instead first applied his <u>prospective</u> Class I earned credit to his sentence. Thus, Neff's <u>incorrect</u> sentence calculation occurred this way:

<u>Incorrect Calculation</u>

| | |
|---|---|
| 20-year sentence | 7,300 days |
| | |
| 20-year sentence with Class I earned credit | 3,650 days |
| Time already served at sentencing | -856 days |
| Earned credit time at sentencing | <u>-856 days</u> |
| Time left to serve | 1,938 days |

The difference between 2,794 days, the correct amount that Neff had left to serve, and 1,938 days, the incorrectly calculated amount of time left to serve, is 856 days. Because Neff had incorrectly calculated the amount of time he had left to serve, it seemed to him that DOC had not credited him with the Class I earned credit time he had accrued while in prison leading up to his 20-year sentence. However, the table of the correct calculation of Neff's remaining time to serve shows why that is not the case.

In its briefs before the Court of Appeals and on transfer, the State makes the point that Neff's remedy in this matter should have been administrative. We agree that a prisoner who files

5

a motion to correct an erroneous sentence for any reason must first demonstrate that he has exhausted the remedies available through the offender grievance process. It appears that Neff miscalculated his release date in good faith, and the DOC administrative process would have quickly identified his mistake for him.

Our presumption in Robinson, that no mention of earned Class I credit time in addition to time served in a judgment of conviction means that an inmate has earned Class I credit time that equals time served, removed the need for state courts to adjudicate these types of sentence claims on an individual basis. Here, where the abstract of judgment does not mention Class I credit time, under Robinson the DOC would have known to award credit time equal to the amount of time served if necessary. Therefore, if the DOC had miscalculated Neff's earliest release date, a court would not grant relief unless Neff showed that he had exhausted his opportunities within the DOC offender grievance process.

**Conclusion**

For purposes of filing a motion to correct erroneous sentence, an abstract of judgment may function in place of a judgment of conviction in a county, such as Marion County, in which trial courts do not regularly issue formal judgments of conviction. Neff concedes that he initially incorrectly calculated the time remaining in his sentence and is therefore not entitled to relief. We hold that where DOC mistakenly fails to give an offender earned credit time, the offender must exhaust administrative remedies before seeking relief from a court.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

6