**Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**MICHAEL V. LANE**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 06 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL V. LANE,                              )
                                             )
    Appellant-Defendant,                    )
                                             )
        vs.                                 )     No. 49A05-1108-CR-462
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.                     )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. CR-86-080E

**February 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Michael V. Lane, pro se, appeals the trial court's denial of his motion to correct erroneous sentence. Because Lane alleged a sentencing error that requires consideration of matters beyond the face of the sentencing judgment, a motion to correct erroneous sentence was not the appropriate vehicle for Lane to use. Accordingly, we conclude that the trial court properly denied Lane's motion.

## Facts and Procedural History

In 1987, Lane and his codefendant, Ricky Robey, were convicted of Class A felony rape, Class A felony criminal deviate conduct, and three counts of Class A felony kidnapping in Marion Superior Court. The trial court sentenced Lane to 100 years. Lane and Robey appealed to the Indiana Supreme Court. Lane argued, among other things, that his sentence was "manifestly unreasonable." The Supreme Court did not reach the issue, instead finding "that the trial court's statement in support of the imposition of enhanced sentences was insufficient." *Robey v. State*, 555 N.E.2d 145, 151 (Ind. 1990). The Supreme Court therefore remanded the case "to the trial court with instructions to enter more specific findings, if any, to support the enhanced sentence or to reduce Lane's sentences to the statutory standard." *Id.*

On remand in 1992, the trial court found aggravating circumstances and sentenced Lane to 100 years. Appellant's App. p. 8.

In 1997, Lane filed a petition for post-conviction relief, which the post-conviction court denied. *Id.* at 19, 26. Lane appealed, and this Court affirmed the post-conviction

court's judgment in a memorandum decision. *Lane v. State*, No. 49A02-9804-PC-301 (Ind. Ct. App. Nov. 23, 1998), *reh'g granted in part and denied in part*, *trans. denied*.

In July 2011, Lane, pro se, filed a motion to correct erroneous sentence. He argued that on remand the trial court "failed to comply with the Indiana Supreme Court's expressed statutory authority when resentencing [him] on individual and specific findings supporting an increased sentence on aggravating factors beyond the thirty (30) year presumptive." Appellant's App. p. 47. The trial court denied Lane's motion to correct erroneous sentence.

Lane now appeals.

### Discussion and Decision

Lane contends that the trial court erred in denying his motion to correct erroneous sentence. The State responds that because this alleged sentencing error is not clear from the face of the sentencing judgment, a motion to correct erroneous sentence is the wrong vehicle in which to bring this claim.

An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ind. Code § 35-38-1-15; *see also Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008). The purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*,

3

805 N.E.2d 783, 785 (Ind. 2004) (quotation omitted). Accordingly, a motion to correct sentence may only be filed to address a sentence that is "erroneous on its face." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 786). Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. *Robinson*, 805 N.E.2d at 787. Sentencing errors that are not facially apparent must be addressed via direct appeal or post-conviction relief. *Neff*, 888 N.E.2d at 1251. In addition, a motion to correct erroneous sentence may only arise out of information contained on the formal judgment of conviction, and not from the abstract of judgment. *Id.* However, if the particular county does not issue judgments of conviction (at the time of the opinion in *Neff* only Marion County qualified), then the trial court's abstract of judgment will serve as an appropriate substitute for purposes of making the claim. *Id.*

Here, Lane argues in his motion to correct erroneous sentence that on remand the trial court erred in identifying aggravating factors. *See* Appellant's App. p. 47 (specifically referencing trial court's use of deadly weapon to enhance sentence). Resolution of this issue requires us to go beyond the face of the abstract of judgment. *See Robinson*, 805 N.E.2d at 786-87 (noting that a claim that the trial court imposed the maximum sentence in partial reliance upon improper aggravators was not appropriate for a motion to correct sentence). Because the motion to correct erroneous sentence was not the appropriate vehicle for Lane to use, the trial court properly denied Lane's motion to correct erroneous sentence.

4

Affirmed.

ROBB, C.J., and NAJAM, J., concur.