**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 16 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**RICKEY ROBEY**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICKEY ROBEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1107-CR-433 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. CR-86080E

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Rickey Robey, pro se, appeals the trial court's denial of his motion to correct erroneous sentence. Because Robey alleges sentencing errors that require consideration of matters beyond the face of the sentencing judgment, a motion to correct erroneous sentence was not the appropriate vehicle for him to use. Accordingly, we conclude that the trial court properly denied Robey's motion.

**Facts and Procedural History**

In 1987, Robey and his codefendant, Michael Lane, were convicted of Class A felony rape, Class A felony criminal deviate conduct, and three counts of Class A felony kidnapping in Marion Superior Court. The trial court sentenced Robey to an aggregate term of 100 years. Robey and Lane appealed to the Indiana Supreme Court. The Supreme Court affirmed Robey's convictions, but it remanded his case to the trial court "for the entry of individual, specific findings supporting the imposition of enhanced sentences or, in the alternative, for the reduction of the sentences to the standard sentences provided for by statute." *Robey v. State*, 555 N.E.2d 145, 152 (Ind. 1990).

On remand in 1992, Judge Pro Tempore William Young found aggravating circumstances and sentenced Robey to an aggregate term of 100 years. Appellant's App. p. 7, 50-51.

Robey appealed the trial court's resentencing. This Court, however, dismissed the appeal because Robey was not sentenced by a duly appointed or qualified judge. We therefore remanded for another resentencing. *Robey v. State*, 49A02-9210-CR-502 (Ind. Ct. App. Feb. 15, 1993).

2

In 2000, Judge Pro Tempore William T. Robinette resentenced Robey to an aggregate term of eighty years. Appellant's App. p. 19.

Robey again appealed the trial court's resentencing, arguing that his sentence was manifestly unreasonable. *Robey v. State*, No. 49A02-0006-CR-384 (Ind. Ct. App. Nov. 9, 2000). This Court found Robey's eighty-year sentence to be "reasonable" and therefore affirmed the trial court. Slip op. at 5-6.

In 2001, Robey filed a petition for post-conviction relief, which was amended by counsel in 2003.[1] He argued that his second appellate counsel was ineffective for failing to raise a double-jeopardy violation. After a hearing, the post-conviction court denied Robey relief in 2004. Robey appealed the denial of post-conviction relief, and this Court affirmed. *Robey v. State*, 49A05-0406-PC-342 (Ind. Ct. App. Mar. 17, 2005), *trans. denied*.

In 2011, Robey, pro se, filed a motion to correct erroneous sentence. He argued that Judge Young's 1992 sentence is "erroneous on its face because his thirty (30) year sentences were increased on the 'specific finding' that a jury in fact found Robey guilty of 'Criminal Deviate Conduct' beyond a reasonable doubt." Appellant's App. p. 34. He also alleged errors in Judge Robinette's 2000 sentence. *Id.* ("The Honorable W.T. Robi[n]ette, Judge, did not enter in the record that he specifically f[ou]nd that Judge William Young made an erroneous ruling when he enhanced each of Robey's sentences above the thirty (30) year presumptive . . . ."). The trial court denied Robey's motion to correct erroneous sentence.

---

[1] The record shows that Robey filed at least two earlier petitions for post-conviction relief that he withdrew.

Robey now appeals.

## Discussion and Decision

Robey contends that the trial court erred in denying his motion to correct erroneous sentence.[2] The State responds that because the alleged sentencing errors are not clear from the face of the sentencing judgment, a motion to correct erroneous sentence is the wrong vehicle in which to bring this claim.

An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ind. Code § 35-38-1-15; *see also Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008). The purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (quotation omitted). Accordingly, a motion to correct sentence may only be filed to address a sentence that is "erroneous on its face." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 786). Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. *Robinson*, 805 N.E.2d at 787. Sentencing errors that are not facially apparent must be addressed via direct appeal or post-conviction relief. *Neff*, 888 N.E.2d

---

[2] We note that Robey's codefendant, Lane, recently appealed the denial of his motion to correct erroneous sentence. We affirmed the trial court. *Lane v. State*, No. 49A05-1108-CR-462 (Ind. Ct. App. Feb. 6, 2012).

4

at 1251.  In addition, a motion to correct erroneous sentence may only arise out of information contained on the formal judgment of conviction, and not from the abstract of judgment.  *Id.*  However, if the particular county does not issue judgments of conviction (at the time of the opinion in *Neff* only Marion County qualified), then the trial court's abstract of judgment will serve as an appropriate substitute for purposes of making the claim.  *Id.*

Although Robey's argument is difficult to decipher,[3] he appears to challenge the aggravators used to enhance his sentences above the thirty-year presumptive term and allege a *Blakely* violation.  Resolution of these issues, however, requires us to go beyond the face of the abstract of judgment.[4]  *See Robinson*, 805 N.E.2d at 786-87 (noting that a claim that the trial court imposed the maximum sentence in partial reliance upon improper aggravators is not appropriate for a motion to correct sentence); *Fulkrod v. State*, 855 N.E.2d 1064, 1067 (Ind. Ct. App. 2006) (noting that whether a sentence violates *Blakely* is not the type of claim that may be brought by a motion to correct erroneous sentence).  Because the motion to correct erroneous sentence was not the appropriate vehicle for Robey to use, the trial court properly denied his motion to correct erroneous sentence.

---

[3] In fact, two pages of Robey's Appellant's Brief are missing from the copies he submitted on appeal.  That is, Robey's brief advances from page 7 to page 10.

[4] Robey includes in his Appellant's Brief a copy of the abstract of judgment from his 2000 resentencing.  Robey nevertheless argues that because he was convicted in Marion County, he can properly rely on the "sentencing transcripts" as a substitute for the abstract of judgment.  Appellant's Reply Br. p. 1-2.  Sentencing transcripts are not an appropriate substitute.  Using them would eviscerate the purpose of a motion to correct erroneous sentence, which is "to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence."  *Robinson*, 805 N.E.2d at 785 (quotation omitted).

Affirmed.

ROBB, C.J., and NAJAM, J., concur.