**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**CLINTON DAVIS**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 09 2012, 9:25 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CLINTON DAVIS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 48A05-1110-CR-547 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause No. 48D01-9502-CF-67

**May 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Clinton Davis, pro se, appeals the trial court's denial of his fourth motion to correct erroneous sentence. Because Davis's argument requires consideration of matters beyond the face of the sentencing judgment, a motion to correct erroneous sentence was not the appropriate vehicle for Davis to use. Accordingly, we conclude that the trial court properly denied his fourth motion.

## Facts and Procedural History[1]

In 1996, Davis was convicted of three counts of Class A felony attempted murder, Class D felony criminal recklessness, and two counts of Class D felony resisting law enforcement. The only sentences at issue on appeal are Davis's attempted-murder sentences. The trial court sentenced Davis to forty years for each attempted murder conviction and ran two of them consecutively and the third concurrently. Thus, the trial court sentenced Davis to eighty years for these three convictions. The record indicates that the trial court found the following aggravators: "the location of the first attempted murder was a church, some of the intended victims were police officers, and defendant's post-conviction attitude – lack of remorse, implied threats to the Probation Department, and blaming the victim." Appellant's App. p. 9 (CCS); *see also id.* at 17 (sentencing order).

---

[1] Although this case has a lengthy and complicated procedural history, the only documents Davis includes in his appendix are the CCS from the trial court and his original 1996 sentencing order. Davis includes neither any of this Court's previous opinions or orders nor any of the motions or orders from the courts below. Notably, Davis fails to include the very motion to correct erroneous sentence from which he now appeals. This failure has made it extremely difficult for us to construct the facts and procedural history of this case.

Davis belatedly appealed, and we affirmed the trial court in a memorandum decision. *Davis v. State*, No. 48A02-9703-CR-179 (Ind. Ct. App. Feb. 26, 1998). Our Supreme Court denied transfer.

Davis then sought post-conviction review, which the court denied. Davis appealed, and we affirmed the post-conviction court in a memorandum decision. *Davis v. State*, 48A02-0402-PC-191 (Ind. Ct. App. Sept. 17, 2004). Our Supreme Court again denied transfer.

Davis, pro se, filed a motion to correct erroneous sentence in September 2007 which, according to the short CCS entry, challenged his consecutive sentencing. Appellant's App. p. 13 (CCS). The trial court denied the motion. *Id.* (CCS). Davis appealed, but we dismissed it because Davis failed to show cause why the appeal should not be dismissed. *Davis v. State*, 48A02-0712-PC-1155 (Ind. Ct. App. July 7, 2008).

Davis, pro se, filed a second motion to correct erroneous sentence in September 2008. The CCS does not reveal the nature of Davis's challenge this time. The trial court denied this motion. Appellant's App. p. 14 (CCS). Davis appealed, but we dismissed the appeal with prejudice because Davis failed to show cause why the appeal should not be dismissed. *Davis v. State*, No. 48A02-0807-PC-648 (Ind. Ct. App. Mar. 23, 2009).

Davis, pro se, filed a third motion to correct erroneous sentence in July 2009. Appellant's App. p. 15 (CCS). Again, the CCS does not reveal the nature of Davis's challenge. The trial court denied the motion, and we dismissed the appeal with prejudice. *Davis v. State*, 48A02-0905-CR-382 (Ind. Ct. App. Sept. 29, 2009).

In September 2011, Davis, pro se, filed a fourth motion to correct erroneous sentence. Appellant's App. p. 16 (CCS). As explained above, Davis did not include this motion in his appendix. The trial court denied the motion. *Id.* (CCS).

Davis now appeals.

## Discussion and Decision

Davis appeals the trial court's denial of his fourth motion to correct erroneous sentence. The State responds that because the alleged sentencing errors are not clear from the face of the sentencing judgment, a motion to correct erroneous sentence was the wrong vehicle in which to bring this claim.

An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ind. Code § 35-38-1-15; *see also Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008). The purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (quotation omitted). Accordingly, a motion to correct sentence may only be filed to address a sentence that is "erroneous on its face." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 786). Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. *Robinson*, 805 N.E.2d at 787. Sentencing errors that are not facially

4

apparent must be addressed via direct appeal or post-conviction relief. *Neff*, 888 N.E.2d at 1251. In addition, a motion to correct erroneous sentence may only arise out of information contained on the formal judgment of conviction, not from the abstract of judgment. *Id.*

The gist of Davis's argument on appeal is that the "enhancements and consecutive sentences [for his attempted murder convictions] are not based on principles of rehabilitation or the nonviolent nature of the defendant as required by Article 1 Sections 16 and 18 of the Constitution of Indiana, and they are not authorized by statute." Appellant's Br. p. 3. This argument, however, falls plainly outside the parameters of Section 35-38-1-15. Resolution of this issue requires us to go beyond the face of the formal judgment of conviction. *See, e.g., Robinson*, 805 N.E.2d at 786-87 (noting that a claim that the trial court imposed the maximum sentence in partial reliance upon improper aggravators was not appropriate for a motion to correct sentence). Because the motion to correct erroneous sentence was not the appropriate vehicle for Davis to use,[2] the trial court properly denied his fourth motion to correct erroneous sentence.

Affirmed.

CRONE, J., and BRADFORD, J., concur.

---

[2] As detailed above, Davis has already unsuccessfully sought a direct appeal and post-conviction relief. And he has unsuccessfully tried, for four times now, to challenge his sentence. It appears that his only avenue of relief at this point is a successive petition for post-conviction relief.