**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**NAJEE S. BLACKMAN**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana



FILED

Sep 05 2012, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

NAJEE S. BLACKMAN,               )
                                 )
        Appellant-Defendant,     )
                                 )
              vs.                )     No. 34A02-1203-CR-335
                                 )
STATE OF INDIANA,                )
                                 )
        Appellee-Plaintiff.      )

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Lynn Murray, Special Judge
Cause No. 34D02-0101-CF-16

**September 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Najee S. Blackman appeals the trial court's denial of his motion to correct erroneous sentence. Because Blackman alleges sentencing errors that require consideration of matters beyond the face of the sentencing judgment, a motion to correct erroneous sentence was not the appropriate vehicle for him to use. Accordingly, we conclude that the trial court properly denied Blackman's motion.

## Facts and Procedural History

In March 2001, Blackman was found guilty by a jury of Class B felony robbery for robbing a Quick Cash in Kokomo, Indiana, in 2000. In April 2001, the trial court, finding an aggravator and no mitigators, sentenced him to twenty years in the Department of Correction.[1] Appellant's App. p. 9, 26, 27. Blackman appealed arguing, among other issues, newly discovered evidence, prosecutorial misconduct, and ineffective assistance of trial counsel. We affirmed Blackman's conviction. *Blackman v. State*, No. 34A04-0108-CR-369 (Ind. Ct. App. June 20, 2002), *trans. denied*.

In January 2006, Blackman sought post-conviction relief arguing ineffective assistance of appellate counsel. The post-conviction court denied relief, and we affirmed. *Blackman v. State*, No. 34A04-0810-PC-626 (Ind. Ct. App. June 24, 2009), *trans. denied*.

In February 2012, over a decade after he was convicted, Blackman filed a pro se motion to correct erroneous sentence. Blackman argued that his sentence was "erroneous on its face," cited numerous sentencing statutes that he claimed were not followed, and

---

[1] The trial court's April 2001 sentencing order does not identify the aggravator but rather provides, "The aggravating factor is stated on the record. The Court finds no mitigating factors for reasons stated on the record." Appellant's App. p. 26. According to both parties, however, the aggravating factor was Blackman's extensive criminal history, including seven convictions, three of which were felonies. *Id.* at 97.

2

made various arguments which are difficult to follow. Appellant's App. p. 33-34. The State filed an answer claiming that Blackman's motion appeared to be a motion to modify his sentence. The State objected to any modification of Blackman's sentence because of the length of time that had passed. The trial court denied Blackman's motion.

Blackman, pro se, now appeals.

**Discussion and Decision**

Blackman contends that the trial court erred in denying his motion to correct erroneous sentence. An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ind. Code § 35-38-1-15; *see also Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008). The purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (quotation omitted). Accordingly, a motion to correct sentence may only be filed to address a sentence that is "erroneous on its face." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 786). Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. *Robinson*, 805 N.E.2d at 787. Sentencing errors that are not facially apparent must be addressed via direct appeal or post-conviction relief. *Neff*, 888 N.E.2d at 1251. In addition, a motion to correct erroneous sentence may only arise out of

3

information contained on the formal judgment of conviction, not from the abstract of judgment. *Id.*

Initially, we note that Blackman's sentence is facially valid. The trial court sentenced him to twenty years in the Department of Correction for Class B felony robbery. Appellant's App. p. 26. This sentence was within the permissible range of sentences for Class B felony convictions at the time of Blackman's offense. *See* Ind. Code § 35-50-2-5 (1998).

Blackman challenges his sentence on numerous grounds, but the State argues that his challenges require consideration of factors outside the face of the judgment. We agree. For example, Blackman argues that the trial court failed to provide his presentence investigation report "in advance" and that he is entitled to relief under *Blakely v. Washington*, 542 U.S. 296 (2004). Appellant's App. p. 34. Blackman also argues that the trial court improperly used his prior conviction to increase his sentence. Blackman's challenges, however, require examination of matters outside the face of the sentencing judgment, which is not permitted under a motion to correct erroneous sentence. *See, e.g.*, *Fulkrod v. State*, 855 N.E.2d 1064, 1067 (Ind. Ct. App. 2006) (noting that whether a sentence violates *Blakely* is not the type of claim that may be brought by a motion to correct erroneous sentence).

Because the motion to correct erroneous sentence was not the appropriate vehicle for Blackman to use, the trial court properly denied his motion to correct erroneous sentence.

4

Affirmed.

MATHIAS, J., and BARNES, J., concur.