**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 09 2013, 6:24 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DANIELLE L. GREGORY**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PHONG TIEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1301-CR-23 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-1201-FD-5216

**July 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Phong Tien ("Tien") brings this belated appeal, pursuant to Indiana Post-Conviction Rule 2, claiming that he is subject to an erroneous sentence upon his conviction for Theft, a Class D felony.[1]  He presents the sole issue of whether his sentence is erroneous because the trial court failed to specify credit time earned in pre-trial confinement.  We affirm.

**Facts and Procedural History**

During the evening hours of January 23, 2012, Mark Fausett ("Fausett"), a loss-prevention employee at Meijer on Washington Street in Indianapolis, was monitoring video of the self-scan checkouts.  Fausett observed Tien with two bottles of wine.  Tien twice scanned the less expensive bottle, bagged both bottles, paid the displayed charge, and proceeded toward the exit.  Fausett approached Tien to discuss the transaction. He calculated the loss to Meijer as $4.00.  Tien apologized and said that he had been running low on money.

Tien was arrested and charged with Theft.  At the conclusion of a bench trial, he was convicted as charged.  Tien was sentenced to 730 days incarceration in the Indiana Department of Correction to be served as follows:  180 days executed (90 days in home detention and 90 days of daily reporting), and 550 days suspended to supervised probation. The Order of Judgment of Conviction indicated that Tien was entitled to 24 days credit for time spent in confinement before sentencing "plus 24 days good time credit." (App. 16.) An Abstract of Judgment was submitted to the Department of Correction.  It indicated that Tien

---

[1] Ind. Code § 35-43-4-2.  This statute has been re-codified.  We refer to the statute in effect at the time of Tien's offense.

was in confinement 24 days prior to sentencing. The abstract form did not specify credit time earned. This appeal ensued.

## Discussion and Decision

Tien and the State agree that Tien, as of the time of his sentencing, had 24 actual days of time served, and that he was entitled to another 24 days for credit time, for a total of 48 days. The State contends that Tien was given proper credit at sentencing, while Tien claims that he has not been given credit time of 24 days and asks that we remand the matter with instructions to the trial court to enter a new sentencing order specifying this credit time.

Indiana Code Section 35-50-6-3 provides that Indiana prisoners are placed into a class for the purpose of earning credit time.[2] Each inmate who is not a credit restricted felon is initially assigned to Class I, whereby he or she earns one day of credit time for every day imprisoned for a crime or confined awaiting trial or sentencing. Ind. Code § 35-50-6-4(a). Pursuant to Indiana Code Section 35-38-3-2, trial courts are required to certify copies of the judgment of conviction to the receiving authority, and this sentencing order is to include the amount of credit, including credit time earned, for time spent in confinement before sentencing.

An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code Section 35-38-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present

---

[2] Credit time is a statutory award for a lack of conduct that violates institutional rules. State v. Mullins, 647 N.E.2d 676, 678 (Ind. Ct. App. 1995).

3

when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Such a motion may only be filed to address a sentence that is erroneous on its face. Neff v. State, 888 N.E.2d 1249, 1251 (Ind. 2008). An inmate's allegation that the trial court has not included credit time earned in its sentencing is the type of claim appropriate for a motion to correct sentence. Id. However, the Indiana Supreme Court, in Robinson v. State, 805 N.E.2d 783 (Ind. 2004), adopted a presumption that "[s]entencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days." Id. at 792.

Here, the trial court's Order of Judgment of Conviction specified that Tien was entitled to 24 days credit for time spent in confinement before sentencing "plus 24 days good time credit." (App. 16.) The section for Sentencing Comments included the notation "(Credit for 24 plus 24)." (App. 16.) The trial court's abstract of judgment did not include such a specification. Nonetheless, even if the abstract of judgment had functioned as the judgment of conviction, the Robinson presumption would be applicable.

Tien has been awarded credit time for his presentence incarceration. He has demonstrated no sentencing error.

Affirmed.

NAJAM, J., and BARNES, J., concur.

4