Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 15 2014, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW K. HAGENBUSH**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA BATCHELOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1402-CR-83 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable James D. Humphrey, Special Judge
Cause No. 15D01-0205-FB-011

**September 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Joshua Batchelor appeals the trial court's denial of his motion to correct erroneous sentence. Because Batchelor alleges sentencing errors that require consideration of matters beyond the face of the sentencing judgment, a motion to correct erroneous sentence was not the appropriate vehicle for him to use. Accordingly, we conclude that the trial court properly denied Batchelor's motion.

**Facts and Procedural History**

In September 2002, in Dearborn County, Indiana, Batchelor pled guilty pursuant to a plea agreement to two counts of burglary as Class B felonies and one count of burglary as a Class C felony. Appellant's App. p. 51-56. In the plea agreement, the State recommended the following sentence to the trial court:

> [T]hat the Defendant receive as to Count I a sentence of eight (8) years of which zero (0) years shall be suspended; as to Count XII a sentence of twenty (20) years of which ten (10) years shall be suspended; and as to Count XVII a sentence of twenty (20) years of which ten (10) years shall be suspended. These sentences are to run concurrent.

*Id*. at 52. The trial court imposed the sentence recommended by the State. *Id*. at 58-60. Additionally, the trial court ordered that the Dearborn County sentence be served consecutive to his sentence in Ripley County, since the Dearborn County felonies were committed when Batchelor was out on bond in Ripley County. *See* Ind. Code § 35-50-1-2. Since then, Batchelor has filed numerous motions and notices of appeal.

In January 2014 Batchelor filed a motion to correct erroneous sentence,[1] arguing that the consecutive sentences were "not a stipulation that was agreed upon by him and that this condition went beyond the parameters of the plea agreement." Appellant's App. p. 121. The trial court denied Batchelor's motion.

Batchelor now appeals.

**Discussion and Decision**

Batchelor contends that the trial court erred in denying his motion to correct erroneous sentence. An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ind. Code § 35-38-1-15; *see also Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008). The purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004). A motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Id.* at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. *Id.* When claims of sentencing errors require consideration of matters outside the face of

---

[1] Several days after filing his motion to correct erroneous sentence, Batchelor filed an amended motion to correct erroneous sentence, which does not differ significantly from the initial motion. Batchelor is appealing the trial court's denial of his motion to correct erroneous sentence.

3

the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction proceedings where applicable. *Id.*

Batchelor does not allege that his sentence is facially erroneous. Instead, he argues that his sentence is erroneous because it was not stipulated in the plea agreement that his Dearborn County and Ripley County sentences would run consecutively; therefore, he contends, his plea was not "knowing and voluntary." Appellant's Br. p. 3. This argument, however, clearly falls outside the parameters of Section 35-38-1-15. Resolution of this issue requires us to look beyond the face of the judgment and the applicable statutory authority. *See*, *e.g.*, *Robinson*, 805 N.E.2d at 786-87. Indeed, Batchelor relies heavily on the sentencing transcript in support of his argument. *See* Appellant's Br. p. 4-5. Because the motion to correct erroneous sentence was not the appropriate means of challenging his sentence, the trial court properly denied Batchelor's motion.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.