**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Oct 14 2014, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CHRISTOPHER KIMBRELL**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHRISTOPHER KIMBRELL,      )
      )
   Appellant-Defendant,      )
      )
      vs.      )   No. 49A02-1311-CR-1002
      )
STATE OF INDIANA,      )
      )
   Appellee-Plaintiff.      )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy Barbar, Magistrate
Cause No. 49G02-0406-PC-105656

**October 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Christopher Kimbrell, pro se, appeals the trial court's denial of his motion to correct erroneous sentence. Because Kimbrell's argument requires consideration of matters beyond the face of the sentencing judgment, a motion to correct erroneous sentence was not the appropriate means for Kimbrell to use. Accordingly, the trial court properly denied Kimbrell's motion.

**Facts and Procedural History**

In 2006 Kimbrell was convicted of two counts of Class A felony child molesting and one count of Class C felony child molesting for molesting his biological daughter. The trial court sentenced him to twenty-five years for each of the Class A felonies and four years for the Class C felony. Finding that Kimbrell's criminal history outweighed any mitigators, the court ordered the sentences for the two Class A felonies to be served consecutively; the sentence for the Class C felony was to be served concurrently.

On direct appeal, Kimbrell argued that the trial court abused its discretion when it imposed consecutive sentences for the Class A felonies because the court failed to articulate its reasons for doing so. *Kimbrell v. State*, No. 49A02-0608-CR-711 (Ind. Ct. App. June 20, 2007). We concluded that the trial court had articulated its reasons for imposing consecutive sentences and affirmed Kimbrell's fifty-year sentence. *Id.*

Kimbrell later filed a petition for post-conviction relief, which the post-conviction court denied. Kimbrell appealed, and we affirmed the post-conviction court. *Kimbrell v. State*, No. 49A02-1008-PC-1012 (Ind. Ct. App. Aug. 12, 2011), *trans. denied*.

In November 2013 Kimbrell, pro se, filed a motion to correct erroneous sentence arguing that the trial court "erroneously sentenced [him] to consecutive 25 years [sic] sentences." Appellant's App. p. 47. He asserted that the court "did not explain why the aggravating circumstances warranted consecutive sentences as opposed to enhanced concurrent sentences." *Id.* at 51. The trial court denied Kimbrell's motion to correct erroneous sentence because his claim did

> not involve sentencing errors that are clear from the face of the judgment. He is questioning the validity of the consecutive sentence imposed herein based upon the Court's allocution of the reasons for the sentence. These claims may be raised only on direct appeal (as indeed this claim was raised by appellate counsel and rejected by the Court of Appeals) or, where appropriate, in post-conviction relief proceedings.

*Id.* at 46.

Kimbrell now appeals.

**Discussion and Decision**

Kimbrell contends that the trial court erred in denying his motion to correct erroneous sentence. An inmate who believes that he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

*See also Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008). The purpose of Section 35-38-1-15 "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind.

3

2004). Accordingly, a motion to correct sentence may only be filed to address a sentence that is "erroneous on its face." *Neff*, 888 N.E.2d at 1251. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. *Robinson*, 805 N.E.2d at 787. Sentencing errors that are not facially apparent must be addressed promptly via direct appeal and thereafter via post-conviction relief proceedings where applicable. *Id.*

Kimbrell does not allege that his sentence is facially erroneous. In fact, he did not include the sentencing judgment in his appendix. Instead, he argues that his sentence is erroneous because the trial court abused its discretion in sentencing him to consecutive terms. *See* Appellant's Br. p. 7 ("The trial court found that the aggravating factors outweighed the mitigating factors and sentenced Kimbrell to 25 years for each count and ordered the sentences to run consecutively, for a total of 50 years. But the trial court did not explain why the aggravating circumstances warranted consecutive sentences as opposed to enhanced concurrent sentences."). This argument, however, clearly falls outside the parameters of Section 35-38-1-15. Resolution of this issue requires us to look beyond the face of the judgment and the applicable statutory authority. *See, e.g., Robinson*, 805 N.E.2d at 786 (motion to correct erroneous sentence is not available for claims concerning how the trial court weighed factors in imposing sentence). Because the motion to correct erroneous sentence was not the appropriate means to challenge his sentence, the trial court properly denied Kimbrell's motion.[1]

---

[1] In addition, we note that this claim is barred by res judicata. Kimbrell raised this same issue on direct appeal, and we decided it against him. *See Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013) (res judicata aims to prevent repetitive litigation of disputes that are essentially the same by holding a prior final judgment binding against both the original parties and their privies).

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.