## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 27 2017, 10:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Damon Nelson
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Damon Nelson,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | October 27, 2017<br><br>Court of Appeals Case No.<br>49A02-1611-CR-2600<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Stanley Kroh, Magistrate<br><br>Trial Court Cause Nos.<br>49G03-0108-FB-172920<br>49G03-0108-PC-172920 |

**Brown, Judge.**

[1] Damon Nelson appeals the order of the trial court denying his motion to correct erroneous sentence. Nelson raises one issue which we revise and restate as whether the trial court abused its discretion in denying his motion. We affirm.

*Facts and Procedural History*

[2] On December 19, 2001, the court sentenced Nelson in Cause No. 49G03-0108-DF-172920 ("Cause No. 920") to twenty years for aggravated battery as a class B felony, eight years for battery as a class C felony, and one year for battery as a class A misdemeanor.

[3] On November 13, 2015, the court sentenced Nelson under cause number 49G14-1401-FD-264 ("Cause No. 264") to 1020 days for possession of cocaine or a schedule I or II drug pursuant to a plea agreement and dismissed other charges. The sentencing order states that he had already served 510 days and had earned 510 credit days.

[4] On October 19, 2016, Nelson, *pro se*, filed a motion to correct erroneous sentence under Cause No. 920 alleging that he was released from the Department of Correction on May 31, 2013, was rearrested on refiled charges on January 23, 2014, and remained in custody until December 3, 2015 with a parole hold, and that the parole warrant was served on January 28, 2014 starting his sentence. He also asserted that he remained in jail for 705 days on a parole hold and was entitled to credit days. On October 20, 2016, the court denied Nelson's motion.

## *Discussion*

The issue is whether the trial court abused its discretion in denying Nelson's motion to correct erroneous sentence. Nelson argues that he should be awarded "credit and good days," that the trial court violated Ind. Code §§ 35-50-6-3 and 35-50-6-4, and that "those sentences are to run consecutive I was only credited 510-1020 total days toward the case however I remained in custody a total of 702-1404 days." Appellant's Brief at 7. The State argues that Nelson waived all of his claims for failure to make a cogent argument. The State also argues that regardless of waiver, Nelson appears to be arguing that he should have received more credit days under Cause No. 920 for his confinement during the pendency of his case in Cause No. 264, that such an argument requires the trial court to look at matters outside the face of the judgment, and that the trial court properly denied Nelson's motion.

We note that although Nelson is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Nelson does not cite to the record in his statement of the case, statement of the facts, or argument, and he does not include a standard of review. *See* Ind. Appellate Rule 46(A)(5) (governing the Statement of Case and providing that "[p]age references to the Record on Appeal or Appendix are required in accordance with Rule 22(C)"); Ind. Appellate Rule 46(A)(6) (providing that the Statement of Facts "shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C)"); Ind. Appellate Rule 46(A)(8)

(providing that "[e]ach contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22," and that "[t]he argument must include for each issue a concise statement of the applicable standard of review"). To the extent Nelson fails to cite to relevant authority or the record or develop an argument with respect to the issue he attempts to raise on appeal, those arguments are waived. *See Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority"); *Shane v. State*, 716 N.E.2d 391, 398 n.3 (Ind. 1999) (holding that the defendant waived argument on appeal by failing to develop a cogent argument); *Smith v. State*, 822 N.E.2d 193, 202-203 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.

[7] To the extent Nelson is arguing that the trial court improperly denied his motion because he is entitled to credit time, we cannot say that reversal is warranted. Generally, we review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[8]　An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-1251 (Ind. 2008). Ind. Code § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[9]　In *Robinson v. State*, the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its face." 805 N.E.2d 783, 786 (Ind. 2004) (citations omitted). The Court emphasized that "a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction . . . ." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 793-794). A motion to correct erroneous sentence may be only used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson*, 805 N.E.2d at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be

strictly applied . . . ." *Id.* The Court also held that the "sentence" that is subject to correction under Ind. Code § 35-38-1-15 "means the trial court's judgment of conviction imposing the sentence and not the trial court's entries on the Department of Correction's abstract of judgment form." *Id.* at 794.

[10] To address the claims that Nelson is entitled to credit would require a consideration of proceedings before, during, or after his sentencing. Thus, these arguments are not properly presented by way of a motion to correct erroneous sentence. We cannot say that the trial court abused its discretion by denying his motion. *See Jackson v. State*, 806 N.E.2d 773, 774 (Ind. 2004) (holding that the trial court properly denied the defendant's motion to correct erroneous sentence and noting that a motion to correct erroneous sentence is available only to correct sentencing errors clear from the face of the judgment).

## *Conclusion*

[11] For the foregoing reasons, we affirm the denial of Nelson's motion to correct erroneous sentence.

[12] Affirmed.

Najam, J., and Kirsch, J., concur.