APPELLANT PRO SE
Charles Young
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

## In the
## Indiana Supreme Court



FILED

Jun 26 2008, 2:47 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 27S02-0806-PC-363

CHARLES YOUNG,

*Appellant (Petitioner below)*,

v.

STATE OF INDIANA,

*Appellee (Respondent below)*.

Appeal from the Grant Circuit Court, No. 27C01-9205-CF-35
The Honorable Robert L. Barnet, Jr., Special Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 27A02-0703-PC-00263

**June 26, 2008**

**Sullivan, Justice.**

Charles Young was convicted of Class A felony Conspiracy to Deal Crack Cocaine in 1992, and sentenced to 40 years in prison. Young's 1992 sentencing order stated that he "[wa]s entitled to 204 days CREDIT TIME for time spent incarcerated awaiting sentence, and further, should be given credit for good time conduct for time spent in confinement." (App. at 20 (emphasis in original).) In 2007, after having filed a direct appeal and a petition for post-conviction

relief, Young filed a motion to correct erroneous sentence, in which he claimed that he had not been credited 204 days of earned Class I credit time in addition to 204 days of time served toward his sentence.[1] The trial court denied Young's motion. The Court of Appeals affirmed. Young v. State, No. 27A02-0703-PC-263, slip op. (Ind. Ct. App. Oct. 30, 2007). Young petitioned for transfer, which we now grant. Ind. Appellate Rule 58.

## Discussion

Young claims that the trial court should have specified in its sentencing order that he was to receive 204 days of earned credit time in addition to 204 days of time served toward his sentence, instead of merely stating that he "should be given credit for good time conduct for time spent in confinement." (App. at 20.) As the Court of Appeals observed, our opinion in Robinson v. State held that where a trial court specifies an amount of credit time already served toward a sentence, but does not specify an amount of earned credit time, the presumption shall be that the inmate is a Class I offender and has earned an amount of credit time equal to the amount of time already served. 805 N.E.2d 783, 792 (Ind. 2004). Thus, the Court of Appeals correctly concluded that Young is presumptively entitled to 204 days of earned credit time in addition to his 204 days of time already served, and need not resort to our state court system in order for the time to be credited toward his sentence.

It is, of course, possible that a prisoner could accidentally be deprived of earned credit time toward his sentence. The presumption in Robinson has the effect of treating such an accident as merely an administrative error that can be addressed by the Department of Correction (DOC) easily and efficiently through its offender grievance process. It is for this reason that we hold today in Neff v. State, No. 49S02-0806-CR-362, slip op. (Ind. June 26, 2008), that a prisoner must show that administrative remedies have been exhausted before pursuing a remedy in the state court system.

---

[1] Class I offenders earn one day of credit time for every day served. Ind. Code § 35-50-6-3 (2004); see Neff v. State, No. 49S02-0806-CR-362, slip op. at 2-3 (Ind. June 26, 2008).

Today in <u>Neff</u>, we also address some of the practicalities of making a claim that earned credit time has not been applied to a sentence. <u>Neff</u> focuses on how to properly calculate an inmate's earliest release date. Young's claim highlights yet another need for clarification. Even if Young had, as we instruct today in <u>Neff</u>, correctly calculated his earliest release date and exhausted his administrative remedies before appealing to the state courts, he did not provide the court any documentation of what the DOC has on record as his earliest release date, nor his own calculation of his earliest release date. More broadly, to present such a claim to a court, a petitioner must show what the relevant DOC administrative grievance procedures are, and that they have been exhausted at all levels.

## Conclusion

The trial court properly denied Young's motion to correct erroneous sentence because the presumption in <u>Robinson</u>—that, in the absence of information to the contrary, he is entitled to earned credit time equal to served credit time—applies here. However, we also note for future reference that Young did not supply us with sufficient information to evaluate his claim had that been appropriate.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.