**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**LANDON SHAW**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LANDON SHAW, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1303-CR-100 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Judge
The Honorable Natalie Bokota, Magistrate
Cause No. 45G04-0803-FA-9

**April 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Landon Shaw appeals the trial court's denial of his motion for jail credit and good time allowance. Shaw presents a single issue for our review, but, as the State points out, we are without jurisdiction to consider this appeal. Accordingly, we dismiss.

## FACTS AND PROCEDURAL HISTORY

In 2008, Shaw was convicted of robbery, as a Class A felony, and the trial court sentenced him to thirty years executed. The trial court awarded Shaw 263 days of "jail time credit" and 263 days of "good time credit for a total of 526 days." Appellant's App. at 23. On January 22, 2013, Shaw filed a petition for jail time credit alleging that "his judgment of conviction does not reflect that he received any Earned Credit time[.]" Appellant's Supp. App. at 3. The trial court denied that motion the same day.

On May 3, Shaw filed a second petition for jail time credit. In the second petition, Shaw acknowledged that the abstract of judgment correctly showed that he had a total of 526 days of credit time, but he asserted that the Department of Correction ("DOC") had not set his release date to reflect the credit time. Shaw asked the trial court to issue an order that "clarifies that the abstract of judgment . . . is correct and that the jail time credit days and earned credit time class 1 days [sic] for a total of 526 days that the Defendant is entitled to" and to "[h]ave said abstract of judgment served upon the Indiana Department of Correction 'Classification Department' for proper adjustment to the Defendant's sentence." Appellant's App. at 19. The trial court denied Shaw's second petition. This appeal ensued.[1]

---

[1] The State moves to dismiss this appeal on the basis that Shaw's failure to timely appeal from the trial court's January 22 order denying his first petition for jail time credit bars his appeal of the May 3

**DISCUSSION AND DECISION**

Shaw contends that the trial court erred when it denied his petition for jail time credit because his earliest possible release date, according to the DOC, "does not reflect that he received jail time credit & earned credit time, that being 526 days total[.]" Appellant's Brief at 5. Shaw maintains that he

> has attempted to exhaust his administrative remedies by informing the Classification Department at the Facility in which he is housed and the Head of Classification of the Indiana Department of Correction, [but] these attempts were totally ignored and even the I.D.O.C.'s own Detail Credit Calculation clearly shows that Shaw was never given Earned Credit Time for a total of 526 days.

Id. But Shaw does not explain what administrative remedies are available to him, and he does not direct us to any part of the record on appeal showing that he exhausted those remedies.

Our supreme court has held that where, as here, a prisoner alleges that he is being deprived of earned credit time toward his sentence, he must "show what the relevant DOC administrative grievance procedures are" and that he has "exhaust[ed those] administrative remedies before seeking relief from a court." Neff v. State, 888 N.E.2d 1249, 1252 (Ind. 2008); Young v. State, 888 N.E.2d 1253, 1254 (Ind. 2008). Here, again, Shaw has neither explained what the relevant grievance procedures are nor shown that he has exhausted those administrative remedies.

---

order. The State maintains that "[t]he claimed error Defendant raised in his first petition was identical to the claimed error he raises in the instant petition." Appellee's Brief at 4. But Shaw did not allege the same error in his two petitions. In his first petition, Shaw alleged that the abstract of judgment did not accurately show his credit time. But in his second petition, Shaw acknowledged that the abstract of judgment was correct and merely asked the trial court to "clarify" for the DOC his actual credit time. Accordingly, we do not revisit our motions panel's denial of the State's motion to dismiss.

"Indiana views the failure to exhaust administrative remedies as a matter of subject matter jurisdiction."  Sun Life Assur. Co. of Can. v. Indiana Comprehensive Health Ins. Ass'n, 827 N.E.2d 1206, 1209 (Ind. Ct. App. 2005), trans. denied.  Subject matter jurisdiction must exist in order for a trial court's entry of judgment to be valid.  City of Marion v. Howard, 832 N.E.2d 528, 531 (Ind. Ct. App. 2005), trans. denied.  If subject matter jurisdiction is absent, the trial court's judgment is rendered void.  Id.  Lack of subject matter jurisdiction may be raised at any time, and courts are required to consider the issue sua sponte if it is not properly raised by the party challenging jurisdiction.  Stewart v. Kingsley Terrace Church of Christ, Inc., 767 N.E.2d 542, 544 (Ind. Ct. App. 2002).  Accordingly, we hold that the trial court's order denying Shaw's petition for jail time credit is void, and we are without jurisdiction to consider this appeal.

Dismissed.

VAIDIK, C.J., and BROWN, J., concur.