## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 24 2016, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amanda O. Blackketter
Blackketter Law, LLC
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joe E. Mourey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 24, 2016

Court of Appeals Case No.
73A04-1603-CR-599

Appeal from the Shelby Superior Court

The Honorable Chris Monroe, Senior Judge

Trial Court Cause No.
73D01-1405-FB-33

**Pyle, Judge.**

# Statement of the Case

Joe Mourey ("Mourey") appeals the trial court's award of credit time for his pre-sentence incarceration. The trial court awarded Mourey seventy-seven (77) days of credit for pre-sentence incarceration but did not specify the award of an additional seventy-seven (77) of good time credit.[1] Mourey requests that he receive credit for these additional days. However, pursuant to *Robinson v. State*, 805 N.E.2d 783, 789 (Ind. 2004), where the trial court's order fails to specify the additional good time credit, both courts and the Department of Correction ("DOC") understand that these days are automatically awarded. We therefore find no error and affirm.

We affirm.

# Issue

Whether the trial court erred in calculating Mourey's credit time for his pre-sentence incarceration.

# Facts

In May 2014, the State charged Mourey with six counts. Mourey pleaded guilty to three counts, and the State dismissed the other charges. In June 2015, the trial court sentenced Mourey for the three convictions. Because Mourey

---

[1] There are two different "time credits" that a defendant may earn: (1) "credit for time served[,]" which is the "credit toward the sentence a prisoner receives for time actually served[;]" and (2) "good time credit[,]" which is the "additional credit a prisoner receives for good behavior and educational attainment." *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999), *reh'g denied*.

and the State disputed Mourey's credit time, the trial court held a hearing on that issue after the sentencing hearing. Thereafter, the trial court awarded Mourey seventy-seven (77) days of accrued credit time for pre-sentence incarceration. The trial court's order did not specify additional good time credit days. However, the Abstract of Judgment states that Mourey was awarded seventy-seven (77) days of accrued time credit as well as seventy-seven (77) days of good time credit. Mourey appeals the trial court's failure to include the seventy-seven (77) days of good time credit in its sentencing order.

## Decision

[4] At the outset, we note that both parties agree that Mourey was entitled to seventy-seven (77) days of accrued credit for time served. They also both agree that Mourey is entitled to an additional seventy-seven (77) days of good time credit.

[5] "Under the Indiana Penal Code, prisoners receive credit time that is applied to reduce their term of imprisonment." *Robinson v. State*, 805 N.E.2d 783, 789 (Ind. 2004). The time spent in confinement before sentencing applies toward a prisoner's fixed term of imprisonment. *Id.* The amount of additional credit or good time credit is primarily determined by the prisoner's credit time classification. *Id.* INDIANA CODE § 35-38-3-2 provides that the judgment of conviction must include the amount of credit, including credit time earned, for time spent in confinement before sentencing. In addition, the Indiana Supreme Court has interpreted INDIANA CODE § 35-38-3-2 "to require that a trial court's judgment of conviction separately include both the amount of time spent by the

defendant prior to imposition of the sentence and also the amount of credit time earned in accordance with the defendant's credit time class." *Robinson* at 789. Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the DOC automatically to award the number of credit time days equal to the number of presentence confinement days. *Id*, at 792.

[6] Here, Mourey "respectfully requests that he receive credit for the . . . additional seventy-seven (77) days for good time credit" because the trial court's order included the seventy-seven (77) days of accrued credit time but did not specifically include the additional seventy-seven (77) days of good time credit. (Mourey's *Br.* 5). However, pursuant to *Robinson*, both courts and the DOC understand the good time credit days are automatically awarded under these circumstances. The trial court did not err.[2]

[7] We affirm.

Bradford, J., and Altice, J., concur.

---

[2] Mourey does not allege that DOC failed to give him the earned credit time. That would be a different issue. If that was the case, Mourey would have to demonstrate that he presented his argument through the relevant DOC administrative grievance process and that he exhausted his administrative remedies. *See Young v. State*, 888 N.E.2d 1253, 1254 (Ind. 2008).