## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 20 2017, 11:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bruce Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 20, 2017

Court of Appeals Case No.
34A02-1707-CR-1600

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1308-FA-632

**Bailey, Judge.**

# Case Summary

[1] After Bruce Johnson ("Johnson") began serving his sentence on a Class B felony, the trial court modified the sentence upon Johnson's request, placing him on probation. The State subsequently filed a petition to revoke Johnson's probation, which the trial court granted, ordering Johnson to serve the remainder of his sentence in the Indiana Department of Correction (the "DOC"). Johnson now appeals, presenting the sole restated issue of whether the trial court erred by miscalculating the time remaining on his sentence.

[2] We affirm.

# Facts and Procedural History

[3] On April 30, 2014, the trial court imposed a twelve-year sentence for a Class B felony to which Johnson had pleaded guilty. Johnson later sought a sentence modification, and on May 6, 2015, the trial court modified his sentence. The trial court suspended the remainder of Johnson's sentence, placed him on probation, authorized his immediate release to the DOC Community Transition Program, and ordered Johnson to participate in a re-entry program.

[4] On May 14, 2015, Johnson executed a re-entry program participation agreement, in which Johnson "agree[d] to waive his right to earn credit time for any time spent in jail or otherwise confined to which he would otherwise be entitles [sic] pursuant to Indiana law during participation in the Reentry Program." App. Vol. II at 58. Thereafter, Johnson started the re-entry program

and began regularly checking in with Howard County Community Corrections. Johnson was concurrently assigned to the Community Transition Program until November 1, 2015, at which point he participated only in the re-entry program.

[5] On several occasions in 2015 and in early 2017, the trial court determined that Johnson had violated the terms of the re-entry program. Johnson continued to participate in the program until February 8, 2017, on which date the trial court terminated his participation. The next day, the State filed a petition to revoke Johnson's probation. At a fact-finding hearing on June 16, 2017, Johnson admitted to violating the terms of his probation, and the trial court ordered Johnson to serve the remaining portion of his sentence in the DOC. The trial court determined that Johnson had 2,806 days remaining as of the date of the petition to revoke probation, and applied credit for the time Johnson served in jail while awaiting disposition on the petition. Johnson now appeals.

## Discussion and Decision

[6] "A trial court's probation decision is subject to review for abuse of discretion," which occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012). Moreover, when the trial court has found that a person has violated a condition of probation, the trial court may impose one of several sanctions, among them, "[o]rder[ing] execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3.

[7]     Here, the trial court ordered Johnson to serve the remainder of his suspended sentence, which it determined to be 2,806 days, as of the filing of the petition to revoke probation. The trial court then applied jail-time credit "in the sum of 128 actual days or 256 credit days, day for day credit, served while awaiting disposition in this matter." App. Vol. II at 86. Thus, the trial court determined that Johnson had 2,550 days left to serve, and it reached that figure as follows:

|  | 4,380 days | (original 12-year sentence imposed on 4/30/14) |
|---|---|---|
| less | 474 days | (credit for time served prior to sentencing) |
| less | 1,100 days | (credit for period from 4/30/14 to 11/1/15, including incarceration from 4/30/14 to 5/6/15, then time in the Community Transition Program[1]) |
| less | 256 days | (credit for time served from 2/8/17, when he was terminated from the re-entry program, to 6/16/17, the date of the order on the State's petition) |
|  | 2,550 days | |

[8]     Johnson argues that the trial court miscalculated his sentence. In so arguing, Johnson characterizes the record as murky, and proffers scenarios that, according to his calculations, would result in a remaining sentence shorter than 2,550 days. However, in one of Johnson's calculations, he would accrue credit time while he participated only in the re-entry program[2]—but Johnson expressly

---

[1] During the period from May 14, 2015 to November 1, 2015, Johnson participated in both the re-entry program and the DOC Community Transition Program. Although Johnson was not entitled to credit for his participation in the re-entry program, he was entitled to credit for his participation in the Community Transition Program. *See* I.C. § 11-10-11.5-10.

[2] For example, Johnson argues that, based on entries in the Chronological Case Summary, he might have been in jail "from September 2, 2015 until his sentencing" in June of 2017. Appellant's Br. at 10. Yet, at the fact-finding hearing on the petition to revoke probation, Johnson admitted that he anticipated being incarcerated for program violations on February 1, 2017, prompting him to call off at work, and eventually

waived his right to such credit time. Moreover, in reaching another of his calculations, Johnson posits that he might have spent the period from September 2, 2015 to February 8, 2017 participating in the Community Transition Program. Yet, the trial court authorized Johnson's release to the DOC's Community Transition Program on May 6, 2015, and ordered that he be entirely released from the DOC on November 1, 2015, which marked the end of his participation in the DOC program. Moreover, at the hearing on the petition to revoke probation, Johnson's counsel characterized "the CTP" credit period as ending on the first of November.[3] Tr. Vol. II at 60.

[9] Johnson has not demonstrated that the trial court erred in its calculations.[4]

---

visit Family Video, spend time with his girlfriend, get a haircut, shop at Wal-Mart, go to McDonald's, and later report to Community Corrections at 11:32 a.m. on February 1, 2017. Moreover, Community Corrections regularly logged interactions with Johnson from May 19, 2015 to February 1, 2017.

[3] Johnson also asserts that he completed a Therapeutic Community Program while incarcerated and that "the completion would have resulted in a 183[-]day time cut." Appellant's Br. at 9. However, in recommending that Johnson be placed in a Therapeutic Community Program, the trial court specified that, upon successful completion of the program, it would "*consider* modifying his sentence, so as to reduce the total time of incarceration." App. Vol. II at 36 (emphasis added). Johnson does not direct us to any portion of the record supporting an actual 183-day reduction, and the order modifying his sentence does not include as much.

[4] The State asserts that after initial sentencing, the DOC "is thereafter responsible for calculating a defendant's credit time, including any modifications, while the defendant is incarcerated within the Department." Appellee's Br. at 12. The State directs us to *Young v. State*, 888 N.E.2d 1253, 1254 (Ind. 2008), and briefly argues that Johnson improperly failed to demonstrate that he had exhausted administrative remedies with the DOC. We conclude that Johnson was not under such an obligation because his claim was not limited to that which the DOC could redress, rather, Johnson's credit-time arguments involve (1) time during which Johnson was not subject to any DOC programming, and (2) his entitlement to a time cut for participation in a program where the trial court had reserved discretion to reduce his sentence if he completed the program. *Cf. Young*, 888 N.E.2d at 1254 (determining that, to present a claim that the trial court did not apply accurate credit time when imposing an initial sentence, the defendant was obligated to "show what the relevant DOC administrative grievance procedures are, and that they have been exhausted at all levels.").

Affirmed.

Kirsch, J., and Pyle, J., concur.