## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 14 2018, 6:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

David Drummond
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Drummond,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 14, 2018<br><br>Court of Appeals Case No.<br>49A04-1708-CR-1832<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Stanley E. Kroh, Magistrate<br><br>Trial Court Cause No.<br>49G03-0108-CF-161376 |

**Pyle, Judge.**

# Statement of the Case

David Drummond ("Drummond"), pro se, appeals the trial court's order denying his motion to correct erroneous sentence, in which he challenged the trial court's 2002 abstract of judgment that listed Drummond's days spent in presentence confinement but did not expressly designate the corresponding credit time earned and the Indiana Department of Correction's computations of his release date and amount of credit time during leap years. Because any error in the trial court's 2002 abstract of judgment is deemed to have been corrected by the presumption set forth by the Indiana Supreme Court in *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004), and because a motion to correct erroneous sentence is limited to correcting sentencing errors apparent on the face of the judgment and Drummond raises issues outside of this context, we conclude that the trial court did not abuse its discretion by denying his motion to correct erroneous sentence.

We affirm.

# Issue

Whether the trial court abused its discretion by denying Drummond's motion to correct erroneous sentence.

# Facts

In 2002, a jury found Drummond guilty of Class A felony child molesting, and the trial court imposed a fifty (50) year sentence. In the abstract of judgment, the trial court listed that Drummond had spent 267 days in pre-sentence

confinement, but it did not expressly designate the corresponding credit time earned.

[4] Fifteen years later, in July 2017, Drummond, pro se, filed a motion to correct erroneous sentence and a motion for a hearing.[1] He argued that his sentence was erroneous because the trial court's 2002 abstract of judgment listed Drummond's days spent in pre-sentence confinement but did not expressly designate the corresponding credit time earned. He also alleged that the Indiana Department of Correction had incorrectly computed his release date and amount of credit time during leap years. Drummond asserted that he had exhausted his administrative remedies "to the best of his ability" and attached multiple exhibits to his motion.[2] (App. Vol. 2 at 70). The trial court denied Drummond's motions. Drummond now appeals.

## Decision

[5] Drummond appeals the trial court's denial of his motion to correct erroneous sentence pursuant to INDIANA CODE § 35-38-1-15. We review a trial court's

---

[1] Following the imposition of Drummond's sentence, he filed numerous pleadings, including a post-conviction petition and multiple motions for sentence modification. He also requested and was granted permission to file a successive post-conviction petition relating to educational credit. Drummond currently has a pending appeal from the denial of his successive post-conviction petition. *See* Court of Appeals Cause Number 17A-PC-3041.

[2] These exhibits included letters to and various grievance forms filed with his correctional facility and the Indiana Department of Correction, as well as his own and the Department of Correction's calculation of credit time and release date. Drummond's calculation of credit time was computed in accordance with the instructions set forth in *Neff v. State*, 888 N.E.2d 1249 (Ind. 2008) and included a projected release date of March 12, 2023 or March 13, 2023. The Department of Correction's calculation, dated May 5, 2017, indicates that Drummond had "JTC" or jail time credit of 267 days and a "PRD" or projected release date of March 18, 2023. (App. Vol. 2 at 101).

denial of a motion to correct erroneous sentence for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

[6]     An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to INDIANA CODE § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). INDIANA CODE § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute 'is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.'" *Robinson*, 805 N.E.2d at 785 (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)).

[7]     A statutory motion to correct erroneous sentence "may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson,* 805 N.E.2d at 787. "Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App.

2006). "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should henceforth be strictly applied[.]" *Robinson*, 805 N.E.2d at 787. Where, as here, a defendant was convicted and sentenced in Marion County, which uses an abstract of judgment rather than a formal judgment of conviction, any error alleged in the defendant's motion to correct erroneous sentence must be apparent from the face of the abstract of judgment. *See Neff*, 888 N.E.2d at 1251 (holding that, for cases stemming from Marion County, "the trial court's abstract of judgment will serve as an appropriate substitute for purposes of making [a motion to correct erroneous sentence] claim").

[8] Drummond argues that the trial court erred in denying his motion to correct erroneous sentence because: (1) the abstract of judgment entered by the trial court at the time of sentencing did not specifically designate the amount of credit time to which he was entitled for time spent incarcerated prior to sentencing; and (2) the Indiana Department of Correction did not apply his 267 days of presentence credit time and incorrectly computed his release date and amount of credit time during leap years.[3]

---

[3] Drummond also suggests that the trial court abused its discretion by denying his motion to have a hearing on his motion to correct erroneous sentence. He does not set forth any argument as to why or how the trial court's denial of his hearing motion was an abuse of discretion; instead, he merely asserts that he "expected to have a hearing and be present at this hearing to allow him to make his argument[.]" (Drummond's Br. 26). Accordingly, he has waived his appellate argument regarding his hearing motion. *See Griffith v. State*, 59 N.E.3d 947, 958 n.5 (Ind. 2016) (explaining that the defendant had waived his argument by failing to present cogent argument; Ind. Appellate Rule 46(A)(8)(a). Waiver notwithstanding, neither the motion to correct

[9]   In regard to Drummond's first argument, we note that, at the time of Drummond's sentencing, INDIANA CODE § 35-38-3-2(b) required a sentencing judgment to include "the amount of credit, including credit time earned, for time spent in confinement before sentencing[.]" I.C. § 35-38-3-2(b)(4). When a defendant's judgment of conviction (or abstract of judgment for Marion County defendants) does not set forth the presentence credit time, our Indiana Supreme Court has explained that the following appellate presumption applies:

> Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days. In the event of any pre-sentence deprivation of credit time, the trial court must report it in the sentencing judgment. Because the omission of designation of the statutory credit time entitlement is thus corrected by this presumption, such omission may not be raised as an erroneous sentence.

*Robinson*, 805 N.E.2d at 792 (footnote omitted).

[10]   Here, the trial court's abstract of judgment indicated that Drummond was "confined prior to sentencing" for 267 days. (App. Vol. 2 at 82). The abstract did not include a recitation of credit time; nor did it report any deprivation of credit time. As such, the trial court's abstract of judgment is entitled to the *Robinson* presumption and any error contained therein is accordingly

---

erroneous sentence statute nor caselaw requires a hearing be held on a motion to correct erroneous sentence. *See* I.C. § 35-38-1-15; *Funk v. State*, 714 N.E.2d 746, 752 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*.

corrected by application of this presumption. *See Robinson*, 805 N.E.2d at 792; *Pettiford v. State*, 808 N.E.2d 134, 136 (Ind. Ct. App. 2004). Accordingly, Drummond is presumed to have earned 267 days of credit time for the 267 days of his pretrial incarceration, and he "need not resort to our state court system in order for the time to be credited toward his sentence." *Young v. State*, 888 N.E.2d 1253, 1254 (Ind. 2008). The trial court, therefore, did not err in denying Drummond's motion to correct erroneous sentence. *See id.*

[11] Turning to Drummond's argument regarding the Department of Correction's failure to apply his earned credit time and its computation of his release date and credit time for leap years, we note that our supreme court recognized that "[i]t is, of course, possible that a prisoner could accidentally be deprived of earned credit time toward his sentence" and that "[t]he presumption in *Robinson* has the effect of treating such an accident as merely an administrative error that can be addressed by the Department of Correction (DOC) easily and efficiently through its offender grievance process." *Id.* Additionally, our supreme court held that when an offender believes the Department of Correction has "mistakenly failed to give an offender earned credit time, the offender must exhaust administrative remedies before seeking relief from a court." *Neff*, 888 N.E.2d at 1252. "[T]o present such a claim to a court, a petitioner must show what the relevant DOC administrative grievance procedures are, *and* that they have been exhausted at all levels." *Young*, 888 N.E.2d at 1254 (emphasis added). "[A] petition for post[-]conviction relief is the proper vehicle for raising a credit-time claim after administrative remedies

have been exhausted." *Ellis v. State*, 58 N.E.3d 938, 940 n.1 (Ind. Ct. App. 2016) (citing *Young v. State*, 888 N.E.2d 1255, 1256-57 (Ind. 2008)), *trans. denied*. Indeed, "all manner of claims of sentencing errors (other than those that do not require consideration of matters outside the face of the sentencing judgment), are addressed via post-conviction relief proceedings." *Young*, 888 N.E.2d at 1256 (citing *Robinson*, 805 N.E.2d at 787).

[12] Here, Drummond's allegations of error regarding the Department of Correction are not appropriate for a motion to correct erroneous sentence because the alleged errors are not clear from the face of the abstract of judgment. *See Robinson*, 805 N.E.2d at 787. Instead, the proper vehicle for Drummond to raise any credit-time claim is a post-conviction proceeding in which he must show: (1) what the relevant DOC administrative grievance procedures are; and (2) that they have been exhausted at all levels. *See Young*, 888 N.E.2d at 1254; *Young*, 888 N.E.2d at 1256-57; *Ellis*, 58 N.E.3d at 940 n.1. [4]

[13] Drummond has improperly raised his claims of error in a motion to correct erroneous sentence. Additionally, Drummond alleged only that he believed that his administrative remedies had been exhausted, but he failed to set forth the relevant Department of Correction's administrative grievance procedure, which was required to present such a claim. *See Young*, 888 N.E.2d at 1254.

---

[4] As Drummond has already had a post-conviction proceeding, he would be required to follow the procedure outlined in Post-Conviction Rule 1(12) for filing a successive post-conviction petition. As noted above, Drummond has already filed such a successive petition in regard to his educational credit time claim.

Because Drummond has failed to show that the trial court abused its discretion by denying his motion to correct erroneous sentence, we affirm the trial court's judgment. *See, e.g.*, *id.* (explaining that "a petitioner must show what the relevant DOC administrative grievance procedures are[] and that they have been exhausted at all levels"); *Young*, 888 N.E.2d at 1257 (stating that if the defendant "hope[d] to prevail on his [credit-time] claim after he ha[d] properly presented it to the Court via post-conviction procedures" he would have to "show in the first place what the relevant DOC administrative grievance procedures are[] and then that he ha[d] exhausted them at all levels").

[14]  Affirmed.

Kirsch, J., and Bailey, J., concur.