## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 27 2018, 10:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael Modlin
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Modlin,
*Appellant*,

v.

State of Indiana,
*Appellee*.

December 27, 2018

Court of Appeals Case No.
18A-CR-1928

Appeal from the Bartholomew
Circuit Court

The Honorable Kelly S. Benjamin,
Judge

Trial Court Cause Nos.
03D01-0703-FA-402
03C01-1302-FA-902

**Brown, Judge.**

[1] Michael Modlin, *pro se*, appeals from the trial court's denial of his motion for credit time. We affirm.

*Facts and Procedural History*

[2] On November 13, 2007, the trial court sentenced Modlin to forty years in the Department of Correction ("DOC") for child molesting as a class A felony. The sentencing order states: "The Court finds that the defendant has served 260 actual jail days and should receive 520 days credit toward the sentence of imprisonment for time spent in confinement as a result of this charge. (02/27/17 – 11/13/07)[.]" Appellant's Appendix Volume II at 9. On direct appeal, Modlin challenged his sentence, and this Court affirmed. *See Modlin v. State*, No. 03A01-0712-CR-536 (Ind. Ct. App. June 18, 2008).

[3] On May 21, 2018, Modlin filed a Motion for Jail Time Credit asserting that he believed that June 15, 2026 should be his earliest possible release date and alleging that the DOC claimed that his earliest possible release date was "February, 2007."[1] Appellant's Appendix Volume II at 15. He also asserted: "As set forth under I.C. § 35-50-6-3(a), *et seq.*, a defendant is entitled to credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing."[2] *Id.* at 16.

---

[1] The year of 2007 appears to be a scrivener's error.

[2] Modlin's Motion for Jail Time Credit refers to Attachments A, B, and C. The Appellant's Appendix does not contain documents labeled as Attachments A, B, or C. The record contains a letter dated March 9, 2018, and addressed to "Classification," in which Modlin stated: "After going through my paper work from the courts, I see that I was not credit[ed] the 260 days of Jail Time Credit and Earned Jail Time Credit."

On June 7, 2018, the court denied Modlin's motion "finding credit time and earliest possible release date are calculated correctly." *Id.* at 19. Modlin filed a motion to correct error, which the trial court denied.

## *Discussion*

Modlin argues that an inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15 and that the DOC miscalculated his good time credit. The State argues that Modlin's claim should have been brought via a petition for post-conviction relief rather than a motion to correct erroneous sentence. It also asserts that, even if Modlin had followed the correct procedural avenue to raise his claim, he failed to show what the relevant DOC administrative grievance procedures are and that they have been exhausted at all levels. The State also contends that, even if Modlin had demonstrated that he had exhausted his administrative remedies, he has shown no error in the trial court's denial of his motion.

---

Appellant's Appendix Volume II at 11. The record contains a letter dated April 5, 2018, from Steven Jackson of the DOC in which he wrote to Modlin and stated that Modlin was sentenced to forty years on November 13, 2007, 260 days of jail time credit "makes your effective date of sentence 2/26/2007," "[i]n Credit Class 1, you earn 1 credit day for every day served meaning you serve ½ your sentence barring any conduct sanctions or time cuts," his original possible release date "was 2/25/27, exactly ½ of 40 years ('40 years to do 20')," his jail time credit had been applied correctly in accordance with the sentencing court, and "[a]ny further correspondence concerning this matter will be noted and filed." *Id.* at 13. The record contains a document which states: "How Jail Time Credit Is Applied" and "If you think you did not receive the proper amount of JTC from your court you must contact your court for an Amended Abstract and/or Sentencing Order or JTC Modification. Keep in mind that ALL sentencing information is entered by IDOC – NOT NCF. We do NOT correct/fix/update sentencing information at the facility level. That is ALL handled by IDOC. We forward information to them." *Id.* at 12.

[6] Initially, we note that Modlin's Motion for Jail Time Credit is tantamount to a motion to correct erroneous sentence.[3] *See Brattain v. State*, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002) (holding that a request for credit for time served was tantamount to a motion to correct erroneous sentence). Generally, we review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[7] An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-1251 (Ind. 2008). Ind. Code § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[8] In *Robinson v. State*, the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its face." 805 N.E.2d 783, 786 (Ind. 2004) (citations omitted). The Court emphasized that "a motion to correct an erroneous sentence may only arise out

---

[3] Indeed, in his brief, Modlin cites Ind. Code § 35-38-1-15, which governs motions to correct sentences.

of information contained on the formal judgment of conviction . . . ." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 793-794). A motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson*, 805 N.E.2d at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ." *Id.* The Court also held that the "sentence" that is subject to correction under Ind. Code § 35-38-1-15 "means the trial court's judgment of conviction imposing the sentence and not the trial court's entries on the Department of Correction's abstract of judgment form." *Id.* at 794.

[9] To the extent Modlin asserts that the DOC incorrectly computed his release date, we note that the Indiana Supreme Court recognized that "[i]t is, of course, possible that a prisoner could accidentally be deprived of earned credit time toward his sentence" and that "[t]he presumption in *Robinson* has the effect of treating such an accident as merely an administrative error that can be addressed by the [DOC] easily and efficiently through its offender grievance process." *Young v. State*, 888 N.E.2d 1253, 1254 (Ind. 2008). The Court also held that "where DOC mistakenly fails to give an offender earned credit time,

the offender must exhaust administrative remedies before seeking relief from a court." *Neff*, 888 N.E.2d at 1252. "[T]o present such a claim to a court, a petitioner must show what the relevant DOC administrative grievance procedures are, *and* that they have been exhausted at all levels." *Young*, 888 N.E.2d at 1254 (emphasis added). "[A] petition for postconviction relief is the proper vehicle for raising a credit-time claim after administrative remedies have been exhausted." *Ellis v. State*, 58 N.E.3d 938, 940 n.1 (Ind. Ct. App. 2016) (citing *Young v. State*, 888 N.E.2d 1255, 1256-1257 (Ind. 2008)), *trans. denied*. "[A]ll manner of claims of sentencing errors (other than those that do not require consideration of matters outside the face of the sentencing judgment), are addressed via post-conviction relief proceedings." *Young*, 888 N.E.2d at 1256 (citing *Robinson*, 805 N.E.2d at 787).

[10] Modlin's allegations of error regarding the DOC are not appropriate for a motion to correct erroneous sentence because the alleged errors are not clear from the face of the judgment. *See Robinson*, 805 N.E.2d at 787. Instead, the proper vehicle for Modlin to raise any credit-time claim is a post-conviction proceeding in which he must show what the relevant DOC administrative grievance procedures are and that they have been exhausted at all levels. *See Young*, 888 N.E.2d at 1254; *Young*, 888 N.E.2d at 1257.

[11] Additionally, Modlin alleged only that he believed that his administrative remedies had been exhausted, but he failed to set forth the relevant DOC administrative grievance procedure, which was required to present such a claim. *See Young*, 888 N.E.2d at 1254. Because Modlin has failed to show that

the trial court abused its discretion by denying his motion to correct erroneous sentence, we affirm the trial court's judgment. *See id.* (explaining that "a petitioner must show what the relevant DOC administrative grievance procedures are[ ] and that they have been exhausted at all levels"); *Young*, 888 N.E.2d at 1257 (stating that if the defendant "hope[d] to prevail on his [credit-time] claim after he ha[d] properly presented it to the Court via post-conviction procedures" he would have to "show in the first place what the relevant DOC administrative grievance procedures are[ ] and then that he ha[d] exhausted them at all levels").

## *Conclusion*

[12] For the foregoing reasons, we affirm the trial court's ruling.

[13] Affirmed.

Bailey, J., and Bradford, J., concur.